UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
TANESHA L.,

                       Plaintiff,         DECISION AND ORDER
                                                 1:21-CV-07109-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In May of 2019, Plaintiff Tanesha L.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano, LLP, J. Anklowitz, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 19).

      This case was referred to the undersigned on August 18, 2022.  The parties submitted a Joint Stipulation in Lieu of motions for judgment on the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pleadings. (Docket No. 22).  For the following reasons, the Commissioner is granted judgment on the pleadings and this case is dismissed.

## I. BACKGROUND

### A.  Administrative Proceedings

Plaintiff applied for benefits on May 2, 2019, alleging disability beginning September 1, 2015. (T at 169-75).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on August 10, 2020, before ALJ Angela Banks. (T at 27). Plaintiff appeared with an attorney and testified. (T at 32-49). The ALJ also received testimony from Christine DiTrinco, a vocational expert. (T at 50-53).

### B.  ALJ's Decision

On November 4, 2020, the ALJ issued a decision denying the application for benefits. (T at 10-26).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2, 2019 (the application date). (T at 15).  The ALJ concluded that Plaintiff's degenerative joint disease and systematic lupus erythematosus were severe impairments as defined under the Act. (T at 15).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 17).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs; never climb ladders, ropes or scaffolds; she requires the use of a hand-held assistive device in one hand for all ambulation; and she can perform no work in bright light or sunlight. (T at 17).

The ALJ found that Plaintiff had no past relevant work. (T at 20).

Considering Plaintiff's age (29 on the application date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 20). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 2, 2019 (the application date) and November 4, 2020 (the date of the ALJ's decision). (T at 21-22). On June 24, 2021, the Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

*C.   Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 23, 2021. (Docket No. 1). On July 11, 2022, the parties, through counsel, filed a Joint Stipulation in Lieu of motions for judgment on the pleadings. (Docket No. 22).

## II.  APPLICABLE LAW

*A.   Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision, both of which involve challenges to the ALJ's step five analysis.

### A.  *Use of Hand-held Device*

The ALJ found that Plaintiff needed to use a hand-held assistive device in one hand for all ambulation. (T at 17). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform work that exists in significant numbers in the national economy, including the representative occupations of document preparer, order clerk, and charge account clerk. (T at 21).

Plaintiff challenges the ALJ's conclusion, arguing that the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT").

The Social Security Administration has taken administrative notice of the DOT, which is published by the Department of Labor and provides

detailed descriptions of the requirements for a variety of jobs. *See* 20 CFR § 416.966 (d)(1).

Social Security Ruling 00-4p provides that when a vocational expert testifies regarding job requirements, the ALJ has "an affirmative responsibility to ask about any possible conflict between that [testimony] and information provided in the DOT …."  SSR 00-4p.

If there appears to be a conflict between the DOT and the vocational expert's testimony, the DOT is "so valued" that the ALJ is obliged to obtain a "reasonable explanation" for the conflict. *Brault v. SSA*, 683 F.3d 443, 446 (2d Cir. 2012)(citing SSR 004-p); *see also Lockwood v. Comm'r of SSA,* 914 F.3d 87, 91 (2d Cir. 2019).

Here, the vocational expert testified that a hypothetical claimant with an RFC consistent with Plaintiff's could perform the representative occupations. (T at 50-51).  When asked about the need to use a hand-held device for ambulation, the vocational expert opined that this would not preclude a claimant from performing the representative occupations. (T at 52).

Plaintiff argues that the vocational expert's testimony is in conflict with the DOT and the regulatory definition of sedentary work.  Plaintiff contends that the ALJ's failure to resolve this conflict was an error requiring remand.

8

This Court finds Plaintiff's argument unavailing for the following reasons.

First, there is no actual conflict between the vocational expert's testimony and the DOT because the DOT is silent on the subject of cane use. *See, e.g., Cooper v. Saul*, No. 2:19CV00022, 2020 WL 5525115, at *5 (W.D. Va. Sept. 1, 2020)("Thus, there is no conflict between Hensley's testimony related to Cooper's required cane usage and the DOT, as the DOT is silent on this issue.").

Second, to the extent there is an arguable, apparent conflict between the vocational expert's testimony and the actual requirements of the representative occupations, the ALJ's duty to resolve the conflict was satisfied. The vocational expert was asked about the need to use a hand-held device, testified about it specifically, stated that she believed the need to use a device for ambulation would not preclude performance of the representative occupations, and explained that her opinion was based on her education and experience in vocational rehabilitation. (T at 51-52).

This was sufficient to satisfy the duty of inquiry recognized by the Second Circuit in *Lockwood v. Comm'r of SSA,* 914 F.3d 87, 91 (2d Cir. 2019); *see Arias v. Kijakazi*, No. 21-CV-3118 (RWL), 2022 WL 3646003, at *15-16 (S.D.N.Y. Aug. 24, 2022)(ALJ satisfied duty to resolve apparent

conflicts through specific queries to the vocational expert ); *Bellore v. Kijakazi*, No. 20-CV-2306(EK), 2022 WL 955134, at *4 (E.D.N.Y. Mar. 30, 2022)(same and collecting cases).

B. Light Sensitivity

Plaintiff also challenges the ALJ's analysis related to her light sensitivity. The ALJ found that Plaintiff could not work in bright light or sunlight. (T at 17). Plaintiff contends that the ALJ erred by failing to include this limitation in the hypotheticals presented to the vocational expert.

"In questioning a vocational expert, a hypothetical must precisely and comprehensively set out every physical and mental impairment of the Plaintiff that the ALJ accepts as true and significant." *Riley v. Astrue*, No. 11-CV-6512T, 2012 U.S. Dist. LEXIS 159113, at *20 (W.D.N.Y. Nov. 6, 2012). "If hypothetical questions do not include all of a claimant's impairments, limitations and restrictions, or are otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion that the claimant is not disabled." *Abdulsalam v. Comm'r of Soc. Sec.*, No. 5:12-cv-1631 (MAD), 2014 U.S. Dist. LEXIS 13442, at *30 (N.D.N.Y. Feb. 4, 2014).

Stated succinctly – "[t]he RFC findings contained in the decision must match the hypothetical posed to the expert." *Owens v. Astrue*, No. 5:06-

CV-0736 (NAM/GHL), 2009 U.S. Dist. LEXIS 102277, at *26-27 (N.D.N.Y. Nov. 3, 2009).

Here, contrary to Plaintiff's argument, the ALJ did pose a hypothetical to the vocational expert involving a claimant precluded from working in bright light or sunlight. (T at 53). The vocational expert testified that such a claimant could perform the representative occupations. (T at 53-54). Thus, the Court finds no error in this aspect of the ALJ's analysis.

It appears Plaintiff's actual argument is intended as a challenge to the ALJ's RFC determination. Plaintiff suggests that the ALJ should have found that her light sensitivity precluded her from performing work involving the use of computers or digital screens.[3] The ALJ, however, carefully reviewed and discussed the evidence concerning Plaintiff's vision issues, finding her retinopathy non-severe and recognizing that her migraines caused some light sensitivity but were a non-severe impairment. (T at 15-16). Plaintiff cites to no objective evidence indicating that these findings were in error and/or are otherwise not supported by substantial evidence. *See Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)("The role of the reviewing court is therefore quite limited and substantial

---

[3] The vocational expert testified that all the representative occupations would require the use of computers and/or digital screens. (T at 52).

deference is to be afforded the Commissioner's decision.")(citation and internal quotation marks omitted). Consequently, there was no error in the ALJ's RFC determination.

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner is GRANTED judgment on the pleadings and this case is DISMISSED. The Clerk is directed to enter final judgment consistent with this decision and then close the file.


Dated: October 3, 2022                    *s/ Gary R. Jones*
                                                  GARY R. JONES
                                                  United States Magistrate Judge